**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CARRIZO OIL & GAS, INC, and<br>CARRIZO (NIOBRARA), LLC<br><br>Plaintiffs,<br><br>v.<br><br>WHITING OIL AND GAS<br>CORPORATION,<br><br>Defendant. | § § § § § § § § § § § § § | CIVIL ACTION NO. 17-cv-1801 |

## HAIMO OIL & GAS, LLC'S
## COMPLAINT IN INTERVENTION

Haimo Oil & Gas, LLC ("Haimo") files this Complaint in Intervention ("Intervention") as a party-plaintiff, as authorized by Federal Rule of Civil Procedure 24.

### PARTIES

1. Haimo is a Delaware limited liability company headquartered in Houston, Texas.

2. Plaintiff Carrizo Oil & Gas, Inc. is a Texas corporation with its principal place of business in Houston, Texas.

3. Plaintiff Carrizo (Niobrara), LLC is a Delaware limited liability company with its principal place of business in Houston, Texas. (Carrizo Oil & Gas, Inc. and Carrizo (Niobrara), LLC are referred to collectively herein as "Carrizo").

4. Defendant Whiting Oil and Gas Corporation ("Whiting") is a Delaware corporation doing business in Texas.

### ORIGINAL LAWSUIT

5. Carrizo sued Whiting in the 113th Judicial District Court of Harris County, Texas. Carrizo's Original Petition alleged breach of contract and sought a declaratory judgment. Whiting

filed a Notice of Removal on June 14, 2017, and its Original Answer asserting affirmative defenses of exculpatory clauses, estoppel, waiver, ratification, and alleged failure to mitigate.

## ADDITIONAL FACTUAL BACKGROUND

6. Haimo is an oil and gas company focused in asset investment and operational management in the energy industry across the United States. Haimo owns operated and non-operated oil and gas leasehold interests in the Permian Basin of West Texas and the Niobrara Formation in Colorado.

7. In 2011, Haimo entered into several joint operating agreements ("JOAs") with Carrizo and Whiting, covering various lands and wells in Weld County, Colorado ("Contract Areas"). Whiting was designated as the operator under those JOAs, and Carrizo and Haimo were designated non-operators.

8. The JOAs permit the Operator, under certain circumstances, to sell a Non-Operator's share of oil produced from the Contract Areas for the Non-Operator's account. The JOAs do not authorize the Operator to make deduction for volume deficiency fees from a Non-Operator's revenue payments.

9. Whiting has represented that it entered into marketing and transportation contracts with third-parties in connection with the sale of Haimo's proportionate share of oil produced from the Contract Areas. Haimo is not a signatory to any such agreement. Moreover, the JOAs provide: "The sale or delivery by Operator of a non-taking party's share of Oil under the terms of any existing contract of Operator shall not give the non-taking party any interest in or make the non-taking party a party to said contract."

10. On information and belief, by at least January 2016, Whiting began incurring volume deficiency fees under one or more of its marketing and transportation contracts and began charging Haimo with a proportion of such fees. This constitutes a breach of contract.

11. Haimo alleges that Whiting has refused to make payment to Haimo for the wrongly deducted volume deficiency fees and has refused to discontinue withholding volume deficiency fees going forward.

## HAIMO'S CLAIMS

12. The allegations contained in the preceding paragraphs are incorporated as if fully set forth herein.

### *Breach of Contract*

13. The JOAs are valid, enforceable contracts between Haimo and Whiting.

14. Whiting breached the JOAs by deducting volume deficiency fees from Haimo's revenue payments.

15. As a result, Haimo is entitled to recover, from and against Whiting, Haimo's actual damages incurred as a result of Whiting's breaches, which includes interest accruing on the amounts recovered from the date of Whiting's default.

16. Haimo also seeks recovery of its reasonable and necessary attorneys' fees and costs.

## PRAYER

For these reasons, Haimo Oil & Gas, LLC respectfully asks for judgment against Whiting for the following:

    a. Recovery of Haimo Oil & Gas, LLC's actual damages, in an amount to be determined at trial;

    b. An award to Haimo Oil & Gas, LLC of its reasonable and necessary attorneys' fees and the costs and expenses incurred by them in this action, including those fees, costs and expenses incurred in the preparation for trial of this action, and appeals therefrom;

    c. An award to Haimo Oil & Gas, LLC of pre-judgment and post-judgment interest on the foregoing sums and the maximum rate allowed by law; and

    d. An award of such other and further relief, general and special, in law or in equity, to which they may be justly entitled.

Respectfully submitted,

Austin W. Brister
S.D. Tex. Bar No. 3027146
Texas Bar No. 24080804
MCGINNIS, LOCHRIDGE & KILGORE, L.L.P.
711 Louisiana St., Suite 1600
Houston, Texas 77002
Telephone: (713)615-8500
Facsimile: (713)328-1823
*abrister@mcginnislaw.com*

**ATTORNEY-IN CHARGE FOR INTERVENOR HAIMO OIL & GAS, LLC**

**OF COUNSEL:**

Christopher L. Halgren
S.D. Tex. Bar No. 1062824
State Bar No. 24069859
MCGINNIS, LOCHRIDGE, & KILGORE, L.L.P.
711 Louisiana St., Suite 1600
Houston, Texas 77002
Telephone: (713)615-8500
Facsimile: (713)328-1823
*chalgren@mcginnislaw.com*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this Friday, November 10, 2017, the foregoing was filed with the Court and served via the Court's CM/ECF system to all of the parties registered to receive such notice.

_____
Austin W. Brister